## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 03 2019, 7:55 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John L. Tompkins
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kimberly Bachmann,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | July 3, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2637<br><br>Appeal from the Parke Circuit Court<br><br>The Honorable Sam A. Swaim, Judge<br><br>Trial Court Cause No.<br>61C01-1802-CM-46 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Kimberly Bachmann (Bachmann), appeals her conviction for operating a vehicle while intoxicated, a Class C misdemeanor, Ind. Code § 9-30-5-2(a).

We affirm.

# ISSUE

Bachmann presents one issue on appeal: Whether the State produced sufficient evidence to prove beyond a reasonable doubt that she operated a vehicle while intoxicated.

# FACTS AND PROCEDURAL HISTORY

On February 21, 2018, Deputy Shawn Clover (Deputy Clover) of the Parke County Sheriff's Department responded to a call of an accident in the 700 block of Centre Parkway in Parke County. When he arrived, Deputy Clover observed an SUV that had been driven off the roadway and over a rock. The SUV was stuck on the rock and was blocking northbound traffic. Deputy Clover opened the door of the SUV to check for passengers and noted that the interior of the SUV was still warm. No one was inside the SUV.

Deputy Clover learned that the SUV was registered to Bachmann and that her address was just a few houses away from where the SUV had been left on the rock. Deputy Clover knocked on the door of Bachmann's residence, and she answered. Bachmann was hunched over and used the door jamb to support

herself as she spoke to Deputy Clover. Bachmann emitted an odor of alcoholic beverage, and her speech was slurred. Deputy Clover asked Bachmann if she knew why he was there, and she confirmed that she did. Deputy Clover asked her how much she had had to drink that night, and she responded, "A lot. I'm just leaving the car where it is until I can, like, make it right." (Exh. 1 at 1:12-:19). When Deputy Clover informed her that she had left the scene of an accident, Bachmann responded, "I didn't leave the scene of an accident. I just couldn't get the car off." (Exh. 1 at 1:28-:31).

[6] Deputy Clover arrested Bachmann for leaving the scene of an accident and operating her vehicle while intoxicated. Bachmann made unsolicited comments such as "I know I'm drunk. I drank too much, I know," and "I'm sorry that I messed up," and, while Deputy Clover prepared to administer a portable breathalyzer test, "I'm drunk, you don't, you don't have to do that." (Exh. 3 at :04-:10; :31-:33; :54-:56). Bachmann also told Deputy Clover after receiving her *Miranda* advisements that "I'm fine, I'm just a piece of shit that makes bad decisions" and "I'm gonna lose everything now because I made bad choices." (Exh. 2 at 2:18-:26).

[7] On February 22, 2018, the State filed an Information, charging Bachmann with operating a vehicle while intoxicated, a Class C misdemeanor, and with leaving the scene of an accident, a Class B misdemeanor. On October 5, 2018, the trial court convened Bachmann's bench trial. Before the start of trial, the State dismissed the leaving the scene of an accident charge. Deputy Clover testified that, in light of his training and experience, he believed that Bachmann was

intoxicated when he observed her at her home. The trial court found Bachman guilty of operating a vehicle while intoxicated and proceeded to sentencing. The trial court sentenced Bachmann to sixty days in the Parke County Jail, suspended to time-served, followed by 365 days of probation.

## DISCUSSION AND DECISION

[8] Bachmann challenges the evidence supporting her conviction. It is well-established that when we review the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is not our role as an appellate court to assess witness credibility or to weigh the evidence. *Id*. We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id*.

[9] To convict Bachmann of the offense of operating a vehicle while intoxicated, the State was required to prove that (1) Bachmann; (2) operated the SUV; (3) while she was intoxicated. *See* I.C. § 9-30-5-2(a). Intoxication is defined in relevant part as being under the influence of alcohol "so that there is an impaired condition of thought and action and loss of normal control of a person's faculties." I.C. § 9-13-2-86. Impairment may be established through evidence of the following: "(1) the consumption of a significant amount of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; and (6) slurred speech." *Wilkinson v. State*, 70 N.E.3d 392, 400 (Ind. Ct. App. 2017).

[10]     The evidence presented at trial was that Bachmann's SUV was abandoned where it had been driven onto a rock not far from her home. Deputy Clover opened the door of the SUV to investigate and noted that its interior was still warm. After Deputy Clover arrived at her home, Bachmann exhibited several indicia of intoxication—her speech was slurred, she was unsteady on her feet and braced herself using the door jamb, and she smelled of alcohol. In Deputy Clover's opinion, Bachmann was intoxicated. Deputy Clover's observations of Bachmann's slurred speech, unsteadiness, and the odor of alcohol about her contributed to a reasonable inference that she was intoxicated. *See id*. Bachmann also admitted that she had been drinking "a lot" and that she had driven the SUV onto the rock. (Exh. 1 at 1:12-:19). Bachmann's statements regarding her "bad decisions" and "bad choices" were manifestations of her knowledge of her guilt which additionally supported her conviction. (Exh. 2 at 2:18-:26). The totality of this evidence supported the trial court's reasonable conclusion that Bachmann was intoxicated when she operated her vehicle. *See Woodson v. State*, 966 N.E.2d 135, 143 (Ind. Ct. App. 2012) (finding sufficient evidence of intoxication where Woodson smelled of alcohol, his speech was slurred, he had an abrasive attitude, he admitted to consuming alcohol, and was, in the opinion of the investigating officer, intoxicated).

[11]     Bachmann contends that the State failed to prove that she was intoxicated at the time that she operated the SUV because it was not established with certainty when the SUV was last driven or how "the observed signs of impairment change over time[.]" (Appellant's Br. p. 10). However, Bachmann does not

address the evidence of her admissions present in the record. In addition, "[c]ircumstantial evidence is sufficient to prove that the defendant operated the vehicle while intoxicated." *Jellison v. State*, 656 N.E.2d 532, 535 (Ind. Ct. App. 1995). Deputy Clover noted that the interior was still warm on that February day when he opened the door of the SUV, which supported an inference that the vehicle had not been marooned on the rock for a long period of time. When Deputy Clover observed Bachmann shortly thereafter exhibiting indicia of intoxication, she admitted that she had not consumed any alcohol after she arrived home, which also supported an inference that she was intoxicated at the time she operated her SUV. Therefore, contrary to Bachmann's assertions on appeal, there was substantial, probative evidence admitted at trial supporting each element of the offense. *See Drane*, 867 N.E.2d at 146.

# CONCLUSION

[12] Based on the foregoing, we conclude that the State proved beyond a reasonable doubt that Bachmann operated her vehicle while she was intoxicated.

[13] Affirmed.

[14] Bailey, J. and Pyle, J. concur